our final case on calendar for today, Sonthalia v. U.S.D.C. for the Northern District of California.  J. Council for petitioner please May it please the court. My name is Ivy know and I represent petitioner sweater, Zambalia This court's analysis in in Raymer show already explains Why the first second and fourth Bowman factors weigh in favor of mandamus relief here? The only question before the court is in calculating the losses of competing movements in a securities fraud class action Does a court have unfettered discretion to replace the movings actual purchase prices with an artificial purchase price Just before the end of the class period so is it your position that purchase price always has to be part of the calculation Yes, why do you say that? So the there's three reasons that we've laid out where the purchase price Must be considered the first is a plain text of the PSL array The PSL really only provides one Damage one part of it where it provides any type of damage formula and in that formula It's what we call a damage a cap on the damages and in that formula. It indicates the actual purchase price With the sale price and the sale price is only adjusted to take into account The stock price movement in the 90 days after the alleged corrective disclosure So the plain text of the PSL array Dictates using the actual purchase price There's no other place in the PSL array that lays out any type of damage formula and in the one place It does it uses the actual purchase price? The second reason that the actual purchase price must be used is that Otherwise the court makes Inappropriate findings at the lead plaintiff stage in order to use any other price, but the actual purchase price in For two reasons that that's inaccurate. The first is the pleading standard. It is clear under Twombly and its Progeny that plausibility is what is applied at the pleading stage It would be illogical for a more strict Standard to be applied at an earlier stage at the lead plaintiff stage Indeed district courts that have ruled on this issue have either applied the plausibility standard or a lower Obviously frivolous standard and in either of those Scenarios the actual purchase price is what would be used. It's in accordance with Promoting what the PSL array intends, which is to Appoint the move-in with the greatest financial interest in the case Not I believe what the district court would argue or had said that she was trying to be accurate with the losses Accuracy is not a part of the PSL array lead appointment process Why was the district court unreasonable in trying to exclude losses that might be? potentially unrecoverable under dura The the other part of the PSL array that's clear is the PSL array discovery state so before a Case gets passed the motion to dismiss process There is no discovery being done the initial complaints in these cases tend to be are filed before any discovery is made before any findings are made and so The intent of the PSL array and setting at the lead plaintiff process was to prevent a merits-based analysis before the motions to dismiss process so for the lead plaintiff stage the the most simple Application of a loss calculation would be based on the actual purchase price, which is before The court when they What if there's allegations and information before the court even at this early stage that there's been a drop in the in the stock value prior to the corrective disclosure With a suggestion that that drop in stock value may likely not be attributable to the fraud Can the court not credit that inference at the lead plaintiff stage? No at the lead plaintiff stage and really until The presumption is rebutted I'm talking about the fraud in the market presumption now under the fraud in the market presumption under basic the purchase price of a plaintiff or a move-in is Has has the alleged fraud? reflected in the purchase price and that link between the purchase price and the alleged fraud is is Presumptively on the side of the plaintiffs and less than until defendants rebut the presumption So you think Dura just comes in later? It just is not relevant at whatever limitation Dura imposes is just not relevant at the lead plaintiff stage This court need not answer whether Dura is relevant at this stage or not For the facts in this case miss on Thalia has the largest and the same losses under Actual or proximate loss and Dura a traditional Dura analysis only excludes Profits and gains where there has been a sale miss on Thalia never sold during the class period or during the Look back 90-day look-back period So in this case the there is no need for Dura to apply to exclude any losses And so her loss number is the same irregardless Admittedly if this court wanted to decide whether or not Dura applied There is definitely a much more fact-based analysis when looking at Dura and It would be delving into the merits of the case to make a true determination of Dura as this Ninth Circuit has said in Kavanaugh the loss calculation should be logical and Illogical and inconsistent to perhaps have one loss calculation done at the lead plaintiff stage only to be Have a different loss calculation or damage calculation being done at a later stage in the case Well, I'm not sure why that would be irrational in and of itself I mean, there's these decisions have to be made early and so there's less information to work with and so That might that might well happen that the the specific mechanisms of the damages calculation Could get adjusted over the course of litigation. I'm not sure why that would make I'm not sure why in of itself. That would be a problem. Well in this particular complaint as in the majority of Securities fraud class-action complaints the allegation is that the the stock price is in artificially inflated throughout the class period as a result of the alleged fraud ie Defendant statements most of the time. It's usually based on statements and so At the lead plaintiff stage and at the motion to dismiss stage those allegations are accepted as true Unless it plausibly cannot be true that those that the stock price is not inflated as a result of the alleged fraud Yeah What's interesting about this case is that both you and your opposing counselor sort of repeat and sophisticated players in this space So I'll ask them the same question. I'm asking you which is what is the rule that you want courts to apply? Miss our our Position is that it just needs to be consistent application in in that consistent application We believe that the actual purchase prices should always be used whether or not Dura or approximate loss or any other methodology is out there The actual purchase prices should be used Otherwise you are asking the lower courts to delve into the merits of the case and determine what other artificial price to To use in order to measure losses or damages So your argument as I understood from the brief was that you want us to provide some guidance as to what? The proper accounting method would be to determine the losses in the stage of selecting the lead counsel But that seems to cut against the suggestion that the district court committed clear error here If there isn't clear guidance, and in fact, it's within the district court's discretion to select an accounting method How could we find that there was a clear error and to merit pretty extraordinary mandamus relief? Here as an in re mercio the key Aspect of it is that the lower courts rulings are Inconsistent with the plain text of the PSL array in enacting the PS array in 1995 one of the major changes It made was codifying the traditional out-of-pocket measure of damages, which uses the actual purchase price Before the PSL array Lee plaintiffs were appointed based on first to file And with the 1995 PSL array the change was to the plaintiff with the greatest financial interest in the case and the Ninth Circuit in interpret hate Interpreting that had has declined to opine on the actual methodology to determine the greatest financial interest as long as it's rational and Consistently applied but that doesn't that mean then that there can be no clear error if the Ninth Circuit has Given discretion to the courts to just make a reasonable determination that would only be true if the methodology being chosen also Followed the text of the PSL array. It is still clear That's not what the Ninth Circuit said, but that's how you're interpreting the Ninth Circuit's decision the Ninth Circuit deferred on Choosing account a loss calculation because it wasn't it wasn't a question before the court Because there has been now a wide range of different calculations and a small minority of courts who've chosen to do a calculation which does not use an actual purchase price and which makes very early findings of fact before Discovery has been done before full theories of the fraud have been Conduct have been formalized and even before all the facts have even materialized for example in this case The stadium capital has filed an amended complaint which alleges a second corrective disclosure and that second over and in In this district and in others in multiple disclosure cases Approximate or actual loss is applied and applying that here with under the amended complaint with a second corrective disclosure Miss Nathalia has over six hundred thousand in losses versus stadium capital has over three hundred fifty eight thousand in losses And so it would it would make more consistency in order to apply a method that doesn't just change with how many corrective disclosures there are or Whether the stock price during a class period decreases or increases Because those are Deciding loss causation requires experts and requires documents Making that very preliminary Binding before any facts have been gathered or experts heard from Seems very inappropriate. You just think that loss causation just cannot be part of the lead plaintiff Calculation when you're when you're calculating financial interests at the outset of these cases and you have a complaint the district court essentially cannot make a loss causation Part of the part of that determination. Yes And your basis for that is the text of the PSL right the cap That the well the text of the PSA rate including the statutory clap cap as well as the other clear part of the PSA relay, which it was mandating a discovery stay until and unless the Case gets passed a motion to dismiss. And so why is that? Why is the discovery stay relevant on this to this argument? because Using any other price but the actual purchase price would require a merits-based analysis So for example as your honor was noting What the the fact that in this case the stock price decreased during the class period would seem to be? Would seem to indicate that that decline was not related to the alleged fraud but at the same time Using any other purchase price would basically equate Miss Antalya's position as an early class period member who bought very close to when the the first misrepresentations were made when the class the price of the class The stock was $12.91 It would put her in the same position as those class members who bought just before the end of the class period Which doesn't make any sense because if you the the the the class members who bought later in the class period Technically have issues with standing because they weren't holding any stock when the initial Representations were made and the PSA re has nothing that supports Favoring early period class members versus late period class members And that's what I mean when we're going really into the weeds and the merits of these cases When you're trying to do when you when the lower court is making a determination as to whether or not to use the actual purchase Price rather than just accepting as true the purchase prices being what they are and that they were artificially inflated by the alleged fraud But doesn't the statute you you're relying on what you need to be the plain text of the statute but the statute itself says that The district courts to apply a presumption that the most adequate plaintiff Quote in the determination of the court Has the largest financial interest in the relief sought by the class and then earlier in the statute It declares that the court the court is to determine the most capable The council most capable adequately represent the class So it seems that the plain text of the statute makes this a discretionary determination on part of the district judge And there doesn't seem to be any language that that provides an accounting method or limitations on how the district judge reaches this decision So, how do you reckon? I don't understand how you reconcile what you consider plain text of the statute with the plain text that puts this clearly within the district court's discretion the plain text of the statute relating to the Capping of the damages specifically lays out and utilizes the purchase price in every case That has looked at damages in securities class action cases from Affiliated you in the Supreme Court and since lackey versus Barack in the Ninth Circuit Has used the out-of-pocket measure for damages and the out-of-pocket measure for damages uses the actual purchase price the PSL already did not change anything about the The that out-of-pocket measure for damages except with regard to the sale price and the sale price was It was putting a cap on whether the stock continued to decrease or increase during the 90 days after the class period if Congress had intended to also alter or Change the use of the actual purchase price and the out-of-pocket measure for damages Congress would have done So they did not do so the formula that they laid out is precisely what? Miss on Thalia has is somebody who purchased during the class period and continue to retain those shares through the end of the class period Suffered losses only when the corrective disclosure was made and as a result of the corrective disclosure being made the price of the stock decreased and she retained through the 90-day period and Her her damage calculation is precisely laid out in the PSL array It would not make sense to then go in and replace That actual purchase price with any other purchase any other Price of the mark of the stock during this class period All right. Thank you counsel. You've exceeded your time. We'll give you a minute for rebuttal We'll hear from respondent Good morning I'm Kathleen Harkin off from Kaplan Fox and Killsheimer on behalf of a real party and interstadium capital LLC the court appointed lead plaintiff I would appreciate reserving a few minutes of rebuttal time. I'll keep my eye on the clock. Well, you don't get But proceeding on I think that the court here this morning has asked some very pointed questions that align with The presentation we presented and again, I think we have to go back to what the Bauman factors are First of all, did the court commit a clear error here? and that is a very significant Bauman factor in fact may be dispositive of this entire proceeding and When we look as judge Beatty pointed out at the text of the PSL array It says that the court appoints in its determination the lead plaintiff with the greatest financial interest in the relief sought by the class and I'll note that doesn't say greatest financial loss and as this court Pointed out in Kavanaugh. One of the things you look at is who has the most to gain? So I think that that is exactly why this court in Kavanaugh many years ago wisely said The greatest financial interest should be determined based on whether it's rational and consistently applied Methodology, it's not damages We realized that the portion of the 90-day look-back cap was applied for the sale price That was agreed by the parties as the court pointed out in its order at page 13 in the joint submission It's used in this some Thalia's middle approach of I think she calls it the Eichenholz Dura adjusted life approach So I think that the entire discussion of the 90-day look-back is a little bit off point here The fact remains this court the district court Followed an irrational and consistent methodology it applied Dura and it applied Kavanaugh and Was not required to apply LIFO or any other proposed methodology the Ninth Circuit gave it that discretion and in fact indicated the importance of giving the district courts that level of discretion so when you dovetail that back into the Bauman factors and you look at clear error as The panel noted this morning There is a point at whether the court did it violate Ninth Circuit law? No, it did not did it violate the terms of the statute? No It did not the terms of the statute that applied to the lead plaintiff process only say that the court in its Determination can appoint the plaintiff or the movement with the largest financial interest in the relief sought by the class So if the court the district court had just done LIFO would that have been clear error? I well You know, I don't we certainly That would be a writ question, right? We'd have to analyze that as to whether that was clear I think here in this fact scenario under this case Yes, it would have been because the stock price had been declining over time so I think the court looked very carefully at the underlying record here and Determined that based on the fact that the stock price was declining and also the fact that certain of the plaintiffs here including Miss Anthalia have purchased so far back in the class period that the decline has to be Discounted if you will to conform with Dura So so you think it's appropriate for the district court at this stage to perform some kind of rough loss causation Analysis as part of choosing the lead plaintiff It happened here and I believe it's correct. Yes And you mentioned one of the factors you mentioned here that You think makes this methodology appropriate here was the decline in the stock price prior to the collective disc corrective disclosure Are there any other factors that would? Guide a district court in terms of when to use LIFO versus when to use the methodology that was chosen here Hmm Well, I again think in this case it was the single corrective disclosure drop and the declining stock price and I You know the court certainly looked at the fact as it indicated in the record that Miss Anthalia's last purchase I think was in February of 2021 at a high of I think it was 1079 and So I think the court weighed all of those factors Which again is why I believe this is so appropriately left to the courts Determination because the number of cases they consider with these issues on a daily basis. They have varying stock Class periods that are proposed by people different types of securities There's so many things that go into a court's analysis and here this court on these facts with the declined stock price Made the appropriate determination and there is no Violation the PSRA The damages cap that's discussed is not not mandated that the court follow that under the clear text of PSRA There is no language there And if the PSRA wanted to say that's lead plaintiff decision is based on damages it would have said so there was no reason to not put that in if that was their intent and We look at the words of the statute and the words of the statute give the court Discretion in its determination and then when you apply that again under the Bauman factors Which is the only reason we're here is her Petition for writ of mandamus. She doesn't make the factors No, like you're opposing a council you probably practice in this area frequently Is it your sense that the district court decisions in this area at least in our circuit are? Roughly consistent on this accounting question or that they are not consistent. I Think the ones that have been made are all rational and consistently apply for the facts in those particular cases and again We cannot second-guess those district courts. They're the ones viewing the record the complaints that are at issue there So no, I don't believe that there is any discordant approach within the district courts in the Ninth Circuit and I certainly think that all the district courts are mindful of Dura and and take a look and they obviously Also, take a look at the arguments presented by the litigants and before them and sometimes litigants decide to make arguments And sometimes they don't here the record before the court We propose these three different methodology the court asked us to submit a joint submission. So there was no issue over Whether any calculation was in dispute these are the these are the figures and these are the facts that the court had to look at and Under those facts this court made a rational decision that with the stock price declining and the profile of the 3-3 loss scenarios under which I will note under the first one life. Oh, our client is is very close to miss Anthony is lost and I don't think that We need to get into this debate, but there are other factors That the courts can look at such as you know The amount of net shares purchased the amount expended and our client had higher figures on certain of those Thresholds as well. But at the end of the day the court chose the approach that was applied in end phase and Has been applied by Judge Gilliam in the Marquette case Applied by a District of Nevada judge and took the price immediately before the drop To base as the purchase and that isn't a false price. That's a price it just may not be the price these two particular individuals bought at but if you look at the Middle approach that is also a bit of a Value an average of pricing. So here these were figures presented by agreement of the parties and The court made a rational determination and there is no basis to submit that she erred Either under the PLC array or the applicable law of Kavanaugh Is there anything artificial about the district courts analysis in the sense that as the case proceeds I imagine You're not going to argue that the the damages here are really capped by the five dollar and eighteen cent Share price right before the collective corrective disclosure. I take it You're gonna want to go back in time and say well We bought the stock for much higher than five dollars and eighteen cents and there's some amount of loss North of five dollars and eighteen cents that is attributable to the fraud in that sense the district courts determination seems pretty conservative At the outset Well as it should be because at the outset, we're not determining damages and we don't have discovery as as counsel has pointed out So that's why again this analysis at the initial stage is not about damages it is about Greatest financial interest who has the most to gain and under the third approach as we noted some Thalia actually had a positive result and I think the court looked at all those factors and Capital was the most appropriate lead plaintiff and I've seen nothing that would suggest to the contrary Nor any clear error by this court and following either the terms of the PS ray or applicable Kavanaugh law Have I sufficiently answered your question your honor. Yeah, I think you have thank you Your friend on the other side suggested I think they suggested that We should provide some clarity. There should be some more specificity about what sorts of accounting methods should be used Do you agree with that? Do you think this is a situation where we need to wade in and choose one method over the other or provide additional guidance? No, I do not your honor because again, I think the district court is the most appropriate court to make that determination as the PS array acknowledges that is the court that is evaluating the I want to say the nitty-gritty of the facts before it the number of complaints that have been filed whether people are the gene different class periods there are so many things that the court needs that discretion to make that decision and Certainly the law of Kavanaugh has been in place since 2002 The PS array has been in place since 1995 and I don't think that any further clarity is needed to provide more guidance because I think that any more guidance would be more restrictive and Potentially not able to match the underlying variations that the district courts are going to see in these cases over time So I think that I actually believe that the Kavanaugh decision was very wisely Stated in its point and the PS array. I believe also very wisely indicated not damages but financial interest in the courts determination and because again, it's that court the district court who has the competing movements before it for lead plaintiff and certainly over time As you go forward in the case facts can change and expand. I Noted, I will note that the amended complaint while I appreciate miss on Thalia noting our Efforts, which we have been continuing in the case It is not appropriate in my opinion for her to read into the record lost figures that are not part of the record before The court nor were part of the record before the district court when it made its decision back in February of 2022 Those are all post events So again, we're here today to talk about whether the district court committed clear error in its initial order and I will also note that the court gave miss on Thalia plenty of opportunity to convince it otherwise by filing a motion for reconsideration, which was also denied and The district court here, of course put in its response to this court indicating why it felt it chose the most appropriate method to apply here and I I don't have unless the court has additional questions. I suppose there are some points in this some Thalia's presentation I could comment on but I again also want to go back to the Bauman factors and One of them being this court in z7 fund made clear that these lead plaintiff decisions can be revisited on appeal So this writ mandamus petition doesn't meet the standards. It's not Well sound well founded. There is not a misapplication of federal rules and now the other Bauman factors Way in favor of granting this writ and I think the clear error factor is essentially a death knell here for miss on Thalia's position and if I could speak briefly she mentioned mer show as The court went back and looked at a lead plaintiff decision. Well again in that case the issue wasn't financial interest It was once the largest financial interest individual was appointed. There was some rumblings they called it misgivings about the cohesiveness of the group appointed and the Ninth Circuit said that the court inappropriately considered misgivings as opposed to evidence on that issue and There was nothing in the record to suggest To the contrary based on the declarations that the parties had submitted there was no Basis to say that they were not cohesively aligned if you will So again, if you also look at the writs the few writs that have gone up They're all on very specific issues of PSRA violations where the court jumps over a person it decides has the largest financial interest because of some concern over a fee agreement or Appoints the one with the largest financial interest then gives them different counsel and As this court is aware under the PSRA once that lead plaintiff is appointed. It has the ability Essentially to have its lead counsel appointed subject to approval of the court. I won't go into that analysis, but again That's a very specific provision wholly unlike what we have here and this petition here is only about financial interest in the relief sought by the class and There are no Presumptions or issues that come into effect on Twombly on that It's simply the raw data that was submitted to the court and the court looking at the stock price decline So I don't think at this stage talking about merits or damages is What the PSRA intended? If the court has no further questions We submit them as somebody's position should be denied All right, thank you counsel, thank you Let's have one minute for rebuttal Your honor I would just like to bring up remind the court that Dura was a case decided at the pleading stage and the only thing that Dura decided was that in adequately pleading loss causation A plaintiff must also plead a stock drop related to a corrective disclosure There is nothing in Dura that says anything about the purchase price And with regard to the text of the PSLRA There's nothing that would in the PSRA that says that the lead plaintiff Calculation should not follow the statutory cap set forth in the PSLRA the courts that have interpreted this most particularly in in wrap and in Salastro have Rejected the idea or concept that the actual purchase prices should not be used The PSRA sets forth a very clear three-step process for appointing a lead plaintiff and nowhere in it Does it indicate that actual purchase prices should not be used the greatest financial interest in this case would be Miss Sampaglia who looking at the three different methodologies put forth clearly she has the largest losses under two of them the more majority held calculations whether under actual or traditional Dura there's no reason to just to Discount her shares simply because she did not sell anything during the class period that would be extending Dura beyond Even what has been preliminarily done at the lead plaintiff stage Dura until Except for a handful of cases have only applied to exclude Profits and losses from trades from sales made during the class period. There's no reason to extend Dura beyond To to include just declines in the stock price I See my time is up Questions, thank you. Thank you to both counsel The case just argued is submitted for a decision by the court that completes our calendar for the morning We are in recess until 9 30 a.m. Tomorrow morning All right
judges: RAWLINSON, BADE, BRESS